IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

EARL F. MIDDLETON,

    Plaintiff,

v.

    Case No.: GJH-17-1443

WARDEN,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On May 24, 2017, Plaintiff filed the above-captioned case pro-se pursuant to 42 U.S.C. § 1983 alleging that his transfer to a new prison facility violated his constitutional rights ECF No. 1. Plaintiff did not file a Motion to Proceed in Forma Pauperis, but because he did not pay the filing fee, the Court will treat this claim as if it has been filed pursuant to the in forma pauperis statute. The in forma pauperis statute requires courts to dismiss cases of self-represented plaintiffs proceeding in forma pauperis that are frivolous or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, Plaintiff's Complaint will be dismissed.

## I.    BACKGROUND[1]

Plaintiff is 69 years old and currently serving a life sentence in Maryland. ECF No. 1 at 1, 4. In September 2012, he was transferred to the Maryland Correctional Institution Hagerstown (MCIH) where he held a job that provided both exercise and the opportunity to go

---

[1] All facts are taken from Plaintiff's Complaint, or documents integral to and relied upon in the Complaint, and are accepted as true.

outside when needed to relieve his symptoms associated with "COPD." *Id.* at 3.[3] In addition, while at MCIH, a nurse came to his housing unit a couple of times a day to monitor his blood pressure and staff would look out for him to ensure his health did not suffer. *Id.* at 3,4.

On March 28, 2017, Plaintiff was advised he was being transferred to Maryland Correctional Institution Jessup (MCIJ). *Id.* at 1. When he asked his classification counselor about the transfer, he was advised that the decision to transfer him came from headquarters and not from the classification department, which is the procedural norm. *Id.* at 2-3. He claims that the fact that staff from the Department of Public Safety and Correctional Services (DPSCS), and not the classification department, created the prisoner transfer list violates DPSCS's non-discrimination policy. *Id.* at 3. This policy states in relevant part that "no sanctions will be allowed which adversely affects the health, physical welfare or psychological wellbeing of inmates." *Id.* at 7. Plaintiff argues that the classification department staff is in a better position than DPSCS staff to determine which prisoners should be transferred. *Id.* at 3. However, Plaintiff later adds that sometimes inmates are put on a transfer list by correctional staff that are not part of the classification department. *Id.* at 8.

Although Plaintiff acknowledges that "a[n] inmate that is serving a sentence in the state of Maryland has no protected liberty interest in being subjected to an institutional transfer," he claims that the non-discrimination policy creates a liberty interest protected by the Due Process Clause. *Id.* at 2, 5. Plaintiff claims that his transfer violated that liberty interest because it had adverse effects on his health and wellbeing. *Id.* at 4. For example, Plaintiff claims that as a result of the transfer, he no longer has a job assignment that allows him proper exercise. *Id.* at 8.

---

[3] Plaintiff does not explain the meaning of "COPD", but the term commonly refers to a medical condition known as chronic obstructive pulmonary disease, a "chronic inflammatory lung disease that causes obstructed airflow from the lungs." *COPD Overview* Mayo Clinic http://www.mayoclinic.org/diseases-conditions/copd/home/ovc-20204882 (last visited July 24, 2017).

2

As a result, he is now required to use three inhalers instead of two to treat his COPD and his dosage of blood pressure medication has doubled. *Id.* at 8.

Plaintiff also claims that if his transfer was made because of his status as a life prisoner or because of his age, then the transfer would also be in violation of the non-discrimination policy. *Id.* at 4.

On May 16, 2017, Plaintiff was transferred from MCIJ to Eastern Correctional Institute. ECF No. 1 at 9. However, he states he still wishes to proceed with his claims. *Id.*[4]

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 1915A requires a district court to screen any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (a); *see also McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009). Before permitting the case to move forward or requiring a response from the defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A (b); *see also Williamson v. Angelone,* 197 F. Supp. 2d 476, 478 (E.D. Va. 2001). The screening is necessary to determine whether defendants should be required to respond to the action. After careful consideration of the complaint, the Court then determines whether or not dismissal of the action is appropriate.

---

[4] Plaintiff has filed his claim pursuant to 42 U.S.C. §1983 which states that: "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . ." (emphasis supplied). Thus, a claim against the DPSCS is not cognizable under the statute. However, as explained, even if Plaintiff filed a claim against an individual person, his claim would still fail.

### III. DISCUSSION

To state a procedural due process claim, Plaintiff must "(1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process." *Prieto v. Clarke*, 780 F. 3d 245, 248 (4th Cir. 2015). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). However, if a prisoner bases their claim solely on a state-created liberty interest and "no state statute, regulation, or policy creates such a liberty interest, a prisoner cannot [then] 'invoke the procedural protections of the Due Process Clause.'" *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir.), *cert. dismissed*, (2015) (quoting *Meachum v. Fano*, 427 U.S. 215, 224 (1976)).

Here, Plaintiff specifically states that his claim is based on an expectation or interest created by state policy, acknowledging that "a[n] inmate that is serving a sentence in the state of Maryland has no protected liberty interest in being subjected to an institutional transfer." ECF No. 1 at 2. Instead, Plaintiff argues that DPSCS's non-discrimination policy, which prohibits sanctions that adversely affect the health and wellbeing of inmates, creates an expectation of a protected liberty interest. ECF No. 1 at 9. However, the policy that Plaintiff cites is not applicable to his claim. Plaintiff does not allege that he was transferred to MCIJ as a sanction for misconduct. His only factual allegations are that the transfer list was created by DSPCS staff rather than staff from the Classification Department, in a manner inconsistent with the prison's normal process. However, he then acknowledges those process are not always followed. Although Plaintiff says that the transfer's negative impact on his health and well-being has had

4

the "impact of a sanction" that is not the same as alleging that the transfer was imposed as a sanction.

Harsh prison conditions alone do not give rise to an inmate's liberty interest in avoiding such conditions. *Prieto*, 780 F.3d at 251. Without identifying a state statute or policy that gives rise to a protected liberty interest, Plaintiff cannot state a procedural due process claim.

Plaintiff further speculates that the transfer decision may have been made based on his age or his status as a life prisoner, which he claims would also violate the prison's non-discrimination policy. ECF No. 1 at 4. Again, the policy that Plaintiff refers to does not support his claim. The policy, as provided by Plaintiff, states that "[DPSCS] and (MCIJ) provides equal access for all inmates to programs, service and activities without regard to race, religion, national origin, sex, disability, or political beliefs . . . ." *Id.* at 7. There is no mention of what characteristics of a prisoner the prison may or may not consider when deciding to transfer someone.

Moreover, prison officials have wide latitude in ordering the transferring of prisoners. The Due Process Clause does not, alone, " protect a duly convicted prisoner against transfer from one institution to another within the state prison system." *Meachum*, 427 U.S. at 225; *see also Bane v. Va. Dep't of Corr.*, 2007 U.S. Dist. LEXIS 33742, at *26 (W.D. Va. May 8, 2007) ("prison officials have broad discretion to determine the facility at which an inmate is housed.") (citing *Meachum*, 427 U.S. at 224); *McLamb v. Jones*, 2010 U.S. Dist. LEXIS 53867, at *5 (N.D. W. Va. Apr. 28, 2010) ("Transfer within the prison or to another prison is within the discretion of prison officials."). A prisoner may establish a claim against transfer under § 1983 if his transfer was made by reason of his exercise of a constitutional right. *See Minor v. Ritchie Cty. Courts*, No. 5:06CV102, 2008 WL 183724, at *3 (N.D.W.V. Jan. 18, 2008). However, Plaintiff

5

does not allege, nor is it evident from the narrative he provides, that his transfer away from MCIH was in response to his exercising a constitutional right. Therefore, the prison's actions in transferring Plaintiff does not state a § 1983 claim. Accordingly, the Complaint must be dismissed for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint shall be dismissed. A separate Order follows.

Dated: July 24, 2017

GEORGE J. HAZEL
United States District Judge